**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| MONICA L. BRADEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | )  No. 26-03021-CV-S-DPR |
| AGRICULTURE, RURAL HOUSING | ) |
| SERVICE, FORMERLY FARMERS | ) |
| HOME ADMINISTRATION, and | ) |
| | ) |
| ARVEST BANK, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant the United States of America, on behalf of its agency the United States Department of Agriculture, Rural Housing Service on March 19, 2026.  (Doc. 7.)  The United States moves to dismiss Plaintiff's Complaint against it pursuant to Fed R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Per Local Rule 7.0(c), suggestions opposing the Motion, if any, were due within fourteen days, or by April 2, 2026.  To date, however, no opposing suggestions have been filed, and as a result, the Motion is unopposed.  Upon review, for the reasons set forth in the Motion, the Court finds that the United States has not waived its sovereign immunity as to Plaintiff's claim for wrongful foreclosure.  Consequently, Plaintiff's Complaint against the United States must be dismissed for lack of subject matter jurisdiction.

It is therefore **ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.  Plaintiff's Complaint against the United States of America, on behalf of its agency the United States Department of Agriculture, Rural Housing Service is **DISMISSED**

for lack of subject matter jurisdiction.

This does not end the Court's inquiry into subject matter jurisdiction, as federal courts are courts of limited jurisdiction and the threshold requirement in every federal action is jurisdiction. *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021). Accordingly, a court has an independent obligation to confirm that jurisdiction is proper. E.g., *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014).

On January 20, 2026, the United States removed this action to this Court from the Circuit Court of Taney County, Missouri. The United States asserted the jurisdictional basis for removal was the United States is a defendant pursuant to 28 U.S.C. § 1442(a)(1). (Doc. 1 at 3.) At the time of removal, the Court had supplemental jurisdiction over the claim for wrongful foreclosure against the other Defendant, Arvest Bank, under 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, because the United States has been dismissed from this action, the Court no longer has original jurisdiction over this action. Under these circumstances, and considering that Plaintiff originally filed this action in state court and Arvest Bank has yet to be served, the Court declines to exercise supplemental jurisdiction over the claim for wrongful foreclosure against Arvest Bank.

Therefore, pursuant to 28 U.S.C. § 1447(c), the Clerk's Office is directed to **REMAND** this action to the Circuit Court of Taney County, Missouri for further proceedings.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: April 9, 2026

2